IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**JOSEPH M. MATRANGA,** *et al.*, :
:
    **Plaintiffs,** :
:
VS. : CIVIL ACTION NO. 10-00607-KD-B
:
**BOYETT PORTABLE RESTROOMS,** :
**INC.,** :
:
    **Defendants.** :

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Remand (Doc. 51), Defendant's Response in Opposition to the Matrangas' Motion to Remand (Doc. 56), Plaintiffs' Supplemental Brief in Support of Motion to Remand (Doc. 66), Defendant's Motion to Strike Plaintiffs' Supplemental Brief in Support of Motion to Remand (Doc. 68), Defendant's Supplemental Brief in Support of this Court's Jurisdiction to Adjudicate the Matrangas' Claims Against Boyett (Doc. 69), Plaintiffs' Response to Defendant Boyett Portable Restrooms' Motion to Strike (Doc. 70), and Defendant's Reply to the Matrangas' Response in Opposition to Motion to Strike (Doc. 73). Having carefully reviewed the motions, briefs, and pleadings filed in this matter, for the reasons stated herein, the undersigned hereby **RECOMMENDS** that Defendant's Motion to Strike (Doc. 68) be

**DENIED.** It is further **RECOMMENDED** that Plaintiffs' Motion to Remand (Doc. 51) be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.

## I. MOTION TO STRIKE

On August 5, 2011, Defendant filed a Motion to Strike Plaintiffs' Supplemental Brief in Support of Motion to Remand pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As used in the Federal Rules of Civil Procedure, the word "pleading" is a term of art that is limited to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a); see Mann v. Darden, 2009 U.S. Dist. LEXIS 63044, at *1-2 (M.D. Ala. July 6, 2009)(citing 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2](3d ed. 1999)("Only material included in a 'pleading' may be subject of a motion to strike . . . .  Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.")). Because the document which Defendant seeks to have

stricken is a brief, not a pleading, Defendant's motion to strike is due to be **DENIED**.

## II. MOTION TO REMAND

### A. Background Facts

Plaintiffs originally commenced this action in the Circuit Court of Mobile County, Alabama on October 1, 2010 and named multiple defendants, including BP, Transocean, Halliburton, Cameron International, Crowder Gulf Disaster Recovery, Baldwin Portables, Waste Management, and Boyett Portable Restrooms. (Doc. 1-1). In a somewhat inartfully drafted Complaint, Plaintiffs allege that the various defendants negligently and wantonly used premises in the immediate area of their home, which is located on the Gulf of Mexico, as a staging area for equipment used in the clean-up of the Deepwater Horizon oil spill and that such use resulted in both personal injuries and property damage. (Id.).

On November 5, 2010, Cameron International, one of the named defendants, filed a Notice of Removal asserting that removal was proper on grounds of both federal question jurisdiction and diversity jurisdiction. (Doc. 1). Cameron International alleged jurisdiction pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 and the Oil Pollution Act of 1990, 33 U.S.C. § 2701, and removed the entire action under the removal statute 28 U.S.C. § 1441 (c). Shortly

thereafter, the Judicial Panel on Multidistict Litigation (hereinafter "MDL") transferred this action to the United States District Court for the Eastern District of Louisiana for consolidated pretrial proceedings in MDL No. 2179, In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010. (Doc. 42). In the Order, the MDL Panel, at the request of Defendant Boyett Portable Restrooms (hereinafter "Boyett"), separated and remanded Plaintiffs' claims against Boyett to this Court. (Id.).

On February 23, 2011, Plaintiffs filed the instant Motion to Remand their action against Defendant Boyett to state court. (Doc. 51). Boyett opposes the motion. (Doc. 56). Plaintiffs allege that no grounds for federal jurisdiction exist as to their claims against Defendant; thus, their claims against Boyett should be remanded. Boyett contends that diversity jurisdiction exists because Plaintiffs' claims against the nondiverse defendants were severed by the MDL panel; thus, complete diversity now exists.

In light of the fact that the claims against Defendants have been separated and remanded from the claims upon which removal was based, this Court must inquire into its jurisdiction. See Whitney Nat'l Bank v. Cox, 2011 U.S. Dist. LEXIS 78001, at *1-2 (S.D. Ala. July 18, 2011)(finding that court had to conduct a sua sponte evaluation of whether federal

4

jurisdiction existed after case was transferred to the MDL Panel and the claim against one defendant was separated and remanded by the MDL Panel).

**B. Discussion**

As noted supra, one of the grounds upon which Cameron International removed this action was 28 U.S.C. § 1441 (c), which sets forth as follows:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331[1] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441 (c )

In this case, the parties do not dispute that at the time of removal, federal question jurisdiction existed under the Outer Continental Shelf Lands Act and the Oil Pollution Act of 1990 as a result of Plaintiffs' claims against the offshore Defendants such as Cameron International and BP. The question before the Court then is whether Plaintiffs' claims against Boyett constitutes an "otherwise non-removable" action in which

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

5

"State law predominates". While the parties agree that no federal question jurisdiction exists with respect to Plaintiffs' claims against Boyett, they dispute the existence of diversity jurisdiction. Plaintiffs contend that diversity is determined at the time of removal, and because at the time of removal, the Plaintiffs and at least one of the defendants were citizens of Alabama, complete diversity does not exist. Plaintiffs further contend that the amount in controversy has not been met. Boyett asserts that because the nondiverse Defendants have been eliminated as a result of the severance, complete diversity exists as Plaintiffs are citizens of Alabama, and Boyett is a citizen of Florida[2].

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists if the plaintiff and defendant are of diverse citizenship and if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The undersigned finds that assuming *arguendo* that diversity of citizenship exists, the record before the court does not establish that the amount in controversy exceeds $75,000.

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal

---

[2] Boyett also contends that the nondiverse defendants were fraudulently joined in the original action.

jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001). In this case, Defendant, which is the party seeking to invoke federal jurisdiction, bears the burden of proving that federal jurisdiction exists. <u>See</u> <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Id</u>; <u>See also</u> <u>Rae v. Perry</u>, 392 Fed. Appx. 753, 755 (llth Cir. 2010)(if the jurisdictional amount is neither stated clearly on the face of the documents before the Court, nor readily deducible from them, the court lacks jurisdiction and must remand to state court). In <u>Williams</u>, the Eleventh Circuit set forth the proper procedure for determining whether the amount in controversy requirement is met in a removed case as follows:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. … A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth

7

> the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

269 F.3d at 1319-20.

Plaintiffs' Complaint does not set forth a specific amount of damages; therefore, this Court must first consider whether it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional amount. In their Complaint, Plaintiffs allege that diesel fumes and the dispersant which was used to help clear up oil caused Plaintiff Joseph Matranga's eyes to constantly burn and caused lung and/or breathing difficulties for both Plaintiffs. They also allege that certain activities of certain defendants interfered with their enjoyment of the home. They further claim that the oil spill significantly depreciated the value of their home. Plaintiffs "seek damages for extreme mental anguish and distress along with the physical injuries and suffering caused by the extreme disturbance on the part of the defendants on the plaintiffs' enjoyment of the home place and the anguish brought about by the activities of the defendants." (Doc. 1-1, p.5).

It is not facially apparent from Plaintiffs' Complaint that the jurisdictional amount has been satisfied, and the Complaint is not specific enough regarding damages to enable this Court to make any reasonable estimate as to the value of their claims. See Williams, 269 F.3d at 1320 (holding that amount in

8

controversy not facially apparent from complaint in which the plaintiff sought damages for substantial medical expenses, lost wages, diminished earning capacity, permanent physical injuries, and permanent mental injuries, as well as punitive damages); Moore v. CNA Foundation, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007)(holding that amount in controversy not facially apparent from complaint alleging tort of outrage, fraud, civil conspiracy and intentional infliction of mental anguish).

Because the amount in controversy is not facially apparent from the complaint, the Court must now look to the Notice of Removal and any other evidence submitted by the parties to determine if the amount in controversy requirement is met. See Williams, 269 F.3d at 1319-20; Moore, 472 F. Supp. 2d at 1331-32. While the court may use "deduction, inference, or other extrapolation" in assessing the amount in controversy, it must do so based on "facts or specific allegations" contained in the record. Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 753 (11th Cir. 2010). Without "facts or specific allegations, the amount in controversy c[an] be divined only by looking at the stars—only through speculation—and that is impermissible." Id. at 753-54 (internal quotation marks and alterations omitted). In considering the relevant evidence, this Court's obligation to narrowly construe removal statutes requires that uncertainties be "resolved in favor of remand." Burns v. Windsor Ins. Co., 31

9

F. 3d 1091, 1095 (11th Cir. 1994). In this action, the Notice of Removal states that "the amount in controversy exceeds $75,000 exclusive of interest and costs. In their Complaint, Plaintiffs assert substantial property damage and personal injury claims, including a claim that the '[t]he oil spill has significantly depreciated the value of the Plaintiffs' home, which prior to the oil spill was evaluated at well over $1,000,000.'" As noted in Williams, a conclusory allegation that the jurisdictional amount is satisfied without facts supporting such an assertion is insufficient. 269 F.3d at 1319-20. The facts included in the Notice of Removal fall short of meeting Defendant's burden of proving that the amount in controversy exceeds $75,000. Moreover, attaching a monetary amount to the alleged depreciated value of Plaintiffs' home, and Plaintiffs' alleged personal injuries would require speculation by the Court as the record is devoid of any specific evidence on this issue[3]. Accordingly, the undersigned finds that Defendant has not established that the amount in controversy exceeds the jurisdictional amount; thus, diversity jurisdiction is lacking.

---

[3] It is not at all clear from the record the length of time that the clean-up materials and equipment were located in close proximity to Plaintiffs' house, whether Plaintiffs' residence suffered any permanent damage, or whether Plaintiffs sustained any permanent personal injuries as a result of the clean-up activity.

As noted supra, 28 U.S.C. § 1441 (c) vests in the district court discretion to remand "otherwise non-removable" claims, in which "State law predominates". In this case, there is no dispute that the remaining claims before this Court are based on State law. Moreover, this case is still in the early stages as no Rule 16(b) scheduling order has been entered, and there is no reason to believe that this Court is somehow more familiar with Plaintiffs' claims than the state court. Accordingly, the undersigned recommends that this Court decline to exercise its discretion to retain jurisdiction over the remaining state law claims in this "otherwise non-removable" action between Plaintiff and Boyett. See Whitney Nat'l Bank v. Cox, 2011 U.S. Dist. LEXIS 78001, at *1-2 (S.D. Ala. July 18, 2011)(following severance of claims by the MDL Panel, trial court declined to exercise its discretion to retain jurisdiction over the remaining state law claims in the otherwise non-removable action where case had not progressed that far, and the Court was not more familiar with the action than the state court); See also Mortgage Electronic Registration Systems, Inc. v. Edwards, 2011 U.S. Dist. LEXIS 31015 (S.D. Ala. Mar. 23, 2010).

### III. CONCLUSION

For the reasons discussed herein, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand (Doc. 51) be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Mobile County,

11

Alabama. The undersigned further **RECOMMENDS** that Defendant's Motion to Strike Plaintiffs' Supplemental Brief in Support of Motion to Remand (Doc. 68) be **DENIED**.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **21st** day of **September, 2011.**

                                                      **/s/ Sonja F. Bivins**
                                      **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  ***Objection***.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **21st** day of **September, 2011.**

_____**/s/ Sonja F. Bivins**_____
**UNITED STATES MAGISTRATE JUDGE**